1  Arthur V. Pearson - 58860
   Vincent O'Gara - 62304
2  Jason J. Galek - 239638
   MURPHY, PEARSON, BRADLEY & FEENEY
3  88 Kearny Street, 10th Floor
   San Francisco, CA  94108-5530
4  Tel:    (415) 788-1900
   Fax:    (415) 393-8087
5
   Attorneys for Defendant
6  FIRST ALLIED MORTGAGE

7

8               UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO

11

12  AURORA LOAN SERVICES LLC f/k/a/         Case No.: C08 01223JL
    AURORA LOAN SERVICES, INC.,
13                                          **FIRST ALLIED MORTGAGE'S ANSWER**
           Plaintiff,                       **TO COMPLAINT**
14
    v.
15
    FIRST ALLIED MORTGAGE, INC. dba
16  FIRST ALLIED FUNDING, a California
    Corporation,
17
           Defendants.
18

19

20      FIRST ALLIED MORTGAGE, INC. dba FIRST ALLIED FUNDING, a California

21  Corporation ("FIRST ALLIED") responds to the Plaintiff's Complaint as follows:

22                       **NATURE OF ACTION**

23      1.      FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

24  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

25                            **PARTIES**

26      2.      FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

27  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

28      3.      FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

1    of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

2        4.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

3    of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

4        5.    FIRST ALLIED admits it is a California corporation with its principal place of business

5    in Walnut Creek, California.

6                           **JURISDICTION**

7        6.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

8    of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

9        7.    FIRST ALLIED admits that it is located in the Northern District of California. FIRST

10   ALLIED lacks information and belief sufficient to admit or deny the remaining allegations of this

11   paragraph, and, on that basis, denies each and every remaining allegation in this paragraph.

12                      **INTRADISTRICT ASSIGNMENT**

13       8.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

14   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

15                        **FACTUAL ALLEGATIONS**

16       9.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

17   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

18       10.   FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

19   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

20       11.   FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

21   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

22       12.   FIRST ALLIED admits that it engages in mortgage lending, as well as the sale of

23   mortgage loans in the secondary market. FIRST ALLIED lacks information and belief sufficient to

24   admit or deny the remaining allegations of this paragraph, and, on that basis, denies each and every

25   remaining allegation in this paragraph.

26       13.   FIRST ALLIED admits that it entered into a written loan purchase agreement with

27   Lehman (the "agreement"). FIRST ALLIED lacks information and belief sufficient to admit or deny

28   the remaining allegations of this paragraph, and, on that basis, denies each and every remaining

allegation in this paragraph.

14.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

15.    FIRST ALLIED admits that it sold mortgage loans to Lehman. FIRST ALLIED lacks information and belief sufficient to admit or deny the remaining allegations of this paragraph, and, on that basis, denies them.

**A.    <u>Representations, Warranties and Covenants</u>**

16.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

(a)    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations of this subparagraph, and, on that basis, denies each and every allegation in this subparagraph.

(b)    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations of this subparagraph, and, on that basis, denies each and every allegation in this subparagraph.

(c)    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations of this subparagraph, and, on that basis, denies each and every allegation in this subparagraph.

(d)    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations of this subparagraph, and, on that basis, denies each and every allegation in this subparagraph.

(e)    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations of this subparagraph, and, on that basis, denies each and every allegation in this subparagraph.

(f)    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations of this subparagraph, and, on that basis, denies each and every allegation in this subparagraph.

(g)    FIRST ALLIED lacks information and belief sufficient to admit or deny

- 3 -

1   the allegations of this subparagraph, and, on that basis, denies each and every allegation in this

2   subparagraph.

3        17.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

4   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

5        18.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

6   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

7        19.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

8   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

9        20.    FIRST ALLIED denies each and every remaining allegation of this paragraph.

10       21.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

11  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

12       22.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

13  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

14       23.    FIRST ALLIED admits that it has refused and continues to refuse to repurchase the

15  mortgage loans, or to indemnify Lehman and Aurora.  FIRST ALLIED lacks information and belief

16  sufficient to admit or deny the remaining allegations of this paragraph, and, on that basis, denies each

17  and every remaining allegation in this paragraph.

18  **B.**    **Early Payment Defaults**

19       24.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

20  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

21       25.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

22  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

23       26.    FIRST ALLIED lacks information and belief sufficient to admit or deny the remaining

24  allegations of this paragraph, and, on that basis, denies each and every remaining allegation in this

25  paragraph.

26       27.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

27  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

28       28.    FIRST ALLIED admits that it has refused and continues to refuse to repurchase the

1  mortgage loans, or to indemnify Lehman and Aurora.  FIRST ALLIED lacks information and belief

2  sufficient to admit or deny the remaining allegations of this paragraph, and, on that basis, denies each

3  and every remaining allegation in this paragraph.

4  **FIRST CLAIM FOR RELIEF**

5  (Breach of Contract – Damages)

6       29.    FIRST ALLIED incorporates by this reference its responses to the allegations of

7  paragraphs 1 through 28, above.

8       30.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

9  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

10       31.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

11  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

12       32.    FIRST ALLIED denies each and every allegation in this paragraph.

13       33.    FIRST ALLIED denies each and every allegation in this paragraph.

14  **SECOND CLAIM FOR RELIEF**

15  (Breach of Contract – Specific Performance)

16       34.    FIRST ALLIED incorporates by this reference its responses to the allegations of

17  paragraphs 1 through 33, above.

18       35.    FIRST ALLIED denies each and every allegation in this paragraph.

19       36.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

20  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

21       37.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

22  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

23       38.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

24  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

25       39.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

26  of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

27       40.    FIRST ALLIED denies each and every allegation in this paragraph.

28       41.    FIRST ALLIED denies each and every allegation in this paragraph.

1    42.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

2   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

3    43.    FIRST ALLIED denies each and every allegation in this paragraph.

4   ### THIRD CLAIM FOR RELIEF

5   (Breach of Express Warranty)

6    44.    FIRST ALLIED incorporates by this reference its responses to the allegations of

7   paragraphs 1 through 43, above.

8    45.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

9   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

10    46.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

11   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

12    47.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

13   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

14    48.    FIRST ALLIED denies each and every allegation of this paragraph.

15    49.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

16   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

17    50.    FIRST ALLIED lacks information and belief sufficient to admit or deny the allegations

18   of this paragraph, and, on that basis, denies each and every allegation in this paragraph.

19

20   ### AFFIRMATIVE DEFENSES

21   ### FIRST AFFIRMATIVE DEFENSE

22    1.    FIRST ALLIED alleges that the Complaint, and each cause of action contained therein,

23   fails to state facts sufficient to constitute a cause of action.

24   ### SECOND AFFIRMATIVE DEFENSE

25    2.    FIRST ALLIED is informed and believes and thereon alleges that the Complaint, and

26   each cause of action therein, is barred by the applicable statute of limitations stated in Part Two, Title

27   II, Chapter 3, of the Code of Civil Procedure, including, but not limited to, Sections 337, 338, 339 and

28   343.

- 6 -

### THIRD AFFIRMATIVE DEFENSE

3.     FIRST ALLIED is informed and believes and thereon alleges that Plaintiff failed and neglected to use reasonable care to protect itself and to minimize the losses and damages complained of, if any.

### FOURTH AFFIRMATIVE DEFENSE

4.     FIRST ALLIED is informed and believes and thereon alleges that Plaintiff did not rely upon any representations made by FIRST ALLIED, and therefore, any injuries, losses or damages complained of by Plaintiff, if any there were, were not occasioned by any representations made by FIRST ALLIED.

### FIFTH AFFIRMATIVE DEFENSE

5.     FIRST ALLIED is informed and believes and thereon alleges that Plaintiff and/or Plaintiff's agents and/or employees, or both, conducted a complete unhindered inspection and investigation of the business transactions referred to in said Complaint prior to the time the transactions occurred, and Plaintiff knew, or should have known, of the character and condition of said transactions, including those matters about which Plaintiff now complains; and that by reason of said inspection and investigation, Plaintiff is presumed to have relied upon his own observations or on the observations of his agents and/or employees and not upon the representations asserted or made by FIRST ALLIED, if any there were, completely barring recovery.

### SIXTH AFFIRMATIVE DEFENSE

6.     FIRST ALLIED is informed and believes and thereon alleges that Plaintiff ratified and confirmed the transactions which are the subject matter of the Complaint, and every representation, if any, made by FIRST ALLIED.

### SEVENTH AFFIRMATIVE DEFENSE

7.     FIRST ALLIED is informed and believes and thereon alleges that Plaintiff had superior knowledge in and about the matters alleged to have been represented by FIRST ALLIED, which knowledge precludes any recovery based upon any alleged misrepresentations.

### EIGHTH AFFIRMATIVE DEFENSE

8.     FIRST ALLIED denies that he has breached any contract with or warranty to Plaintiff,

1  giving rise to the damages alleged in the Complaint; and further alleges any liability and damages

2  incurred herein by Plaintiff are due solely and totally to the acts or omissions of the employees, agents

3  or customers of Plaintiff herein, for which FIRST ALLIED has no responsibility.

### NINTH AFFIRMATIVE DEFENSE

5  9.    FIRST ALLIED is informed and believes and thereon alleges that the Complaint is

6  barred by the Statute of Frauds.

### TENTH AFFIRMATIVE DEFENSE

8  10.    FIRST ALLIED is informed and believes and thereon alleges that the Complaint, and

9  each cause of action contained therein, is barred by the equitable Doctrine of Laches.

### ELEVENTH AFFIRMATIVE DEFENSE

11  11.    FIRST ALLIED is informed and believes and thereon alleges that the Complaint, and

12  each cause of action contained therein, is barred by the equitable Doctrine of Unclean Hands.

### TWELFTH AFFIRMATIVE DEFENSE

14  12.    FIRST ALLIED is informed and believes and thereon alleges that the Complaint, and

15  each cause of action contained therein, is barred by the equitable Doctrine of Waiver and Plaintiff is

16  also estopped from maintaining this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

18  13.    FIRST ALLIED is informed and believes and thereon alleges that Plaintiff assumed the

19  risk, if any there was, at the time and place of the incident(s) referred to in the Complaint.

21    FIRST ALLIED presently has insufficient knowledge or information on which to form a belief

22  as to whether FIRST ALLIED may have additional, as yet unstated, defenses available.    FIRST

23  ALLIED reserves herein the right to assert additional defenses in the event discovery indicates that

24  they would be appropriate.

26    WHEREFORE, FIRST ALLIED prays as follows:

27  1.    That Plaintiff take nothing from FIRST ALLIED by this Complaint;

28  2.    That FIRST ALLIED be awarded judgment in this action;

1        3.      For costs of suit incurred herein; and

2        4.      For such other and further relief as the Court deems proper.

3  DATED:  April 28, 2008

4                         MURPHY, PEARSON, BRADLEY & FEENEY

5

6                    By  /S/

7                       Vincent O'Gara
                       Attorneys for Defendant
                       FIRST ALLIED MORTGAGE

8

9  JJG.10417975.doc

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST ALLIED MORTGAGE'S ANSWER TO COMPLAINT

1 | Arthur V. Pearson - 58860
Vincent O'Gara - 62304
2 | MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
3 | San Francisco, CA  94108-5530
Tel:    (415) 788-1900
4 | Fax:    (415) 393-8087

5 | Attorneys for Defendant
FIRST ALLIED MORTGAGE
6

7 | UNITED STATES DISTRICT COURT

8 | NORTHERN DISTRICT OF CALIFORNIA

9 | SAN FRANCISCO DIVISION

10

11 | AURORA LOAN SERVICES LLC f/k/a/
AURORA LOAN SERVICES, INC.,

Case No.: C08 01223JL

DEMAND FOR JURY TRIAL

12 |        Plaintiff,

13 | v.

14 | FIRST ALLIED MORTGAGE, INC. dba FIRST
ALLIED FUNDING, a California Corporation,
15

16 |        Defendants.

17

18 |        Defendant FIRST ALLIED MORTGAGE hereby demands a jury trial.

19

20 | Dated: April 28, 2008

MURPHY, PEARSON, BRADLEY & FEENEY
21

22

23 | By _____/S/_____
Vincent O'Gara
Attorneys for Defendant
24 | FIRST ALLIED MORTGAGE

25

26 | AJV.10418666.doc

27

28

- 1 -
Demand For Jury Trial

1  Arthur V. Pearson - 58860
    Vincent O'Gara - 62304
2  MURPHY, PEARSON, BRADLEY & FEENEY
    88 Kearny Street, 10th Floor
3  San Francisco, CA  94108-5530
    Tel:   (415) 788-1900
4  Fax:  (415) 393-8087

5  Attorneys for Defendant
    FIRST ALLIED MORTGAGE

6

7                UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9               SAN FRANCISCO DIVISION

10

11  AURORA LOAN SERVICES LLC f/k/a/      Case No.: C08 01223JL
     AURORA LOAN SERVICES, INC.,
12                           CERTIFICATE OF SERVICE
         Plaintiff,

13  v.

14  FIRST ALLIED MORTGAGE, INC. dba FIRST
     ALLIED FUNDING, a California Corporation,

15

16         Defendants.

17

18

19

20

21

22

23

24

25

26

27  AJV.10418657.doc

28

Certificate Of Service

1

CERTIFICATE OF SERVICE

2

I, Amy Jean Van Nest/, declare:

3

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or

4

interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San

5

Francisco, California 94108-5530.

6

On April 28, 2008, I served the following document(s) on the parties in the within action:

7

**FIRST ALLIED MORTGAGE'S ANSWER TO COMPLAINT**

8
9
10

| X | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
|---|---|
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) will be transmitted via facsimile, and a copy of same will be mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

11
12
13
14
15

Rachel M. Dollar, Esq.                    Attorney For Aurora Loan Services LLC

16

Attorneys at Law                           PLAINTIFF

Smith Dollar PC

17

400 W. Third Street, Suite 182

18

Santa Rosa, CA  95401

19

Michael A. Rollin                          Attorney For Auroroa Loan Services LLC

Attorneys at Law                           PLAINTIFF

20

Reilly Pozner & Connelly LLP

511 Sixteen Street, Suite 700

21

Denver, CO  80202

22
23

I declare under penalty of perjury under the laws of the State of California that the foregoing is

24

a true and correct statement and that this Certificate was executed on April 28, 2008.

25
26

By _____/S/_____

Amy Jean Van Nest/

27
28

1  Arthur V. Pearson - 58860
   Vincent O'Gara - 62304
2  MURPHY, PEARSON, BRADLEY & FEENEY
   88 Kearny Street, 10th Floor
3  San Francisco, CA  94108-5530
   Tel:    (415) 788-1900
4  Fax:    (415) 393-8087

5  Attorneys for Defendant
   FIRST ALLIED MORTGAGE

6

7              UNITED STATES DISTRICT COURT

8            NORTHERN DISTRICT OF CALIFORNIA

9              SAN FRANCISCO DIVISION

10

11  AURORA LOAN SERVICES LLC f/k/a/          Case No.: C08 01223JL
    AURORA LOAN SERVICES, INC.,
                                             CERTIFICATE OF SERVICE
12         Plaintiff,

13  v.

14  FIRST ALLIED MORTGAGE, INC. dba FIRST
    ALLIED FUNDING, a California Corporation,
15
           Defendants.
16

17

18

19

20

21

22

23

24

25

26  AJV.10418667.doc

27

28

                          - 1 -

CERTIFICATE OF SERVICE

I, Amy Jean Van Nest/, declare:

I am a citizen of the United States, am over the age of eighteen years, and am not a party to or interested in the within entitled cause.  My business address is 88 Kearny Street, 10th Floor, San Francisco, California 94108-5530.

On April 28, 2008, I served the following document(s) on the parties in the within action:

**DEMAND FOR JURY TRIAL**

| | |
|---|---|
| **X** | **BY MAIL**: I am familiar with the business practice for collection and processing of mail. The above-described document(s) will be enclosed in a sealed envelope, with first class postage thereon fully prepaid, and deposited with the United States Postal Service at San Francisco, California on this date, addressed as follows: |
| | **BY HAND**:  The above-described document(s) will be placed in a sealed envelope which will be hand-delivered on this same date by _____, addressed as follows: |
| | **VIA FACSIMILE**:  The above-described document(s) will be transmitted via facsimile, and a copy of same will be mailed, on this same date to the following: |
| | **VIA OVERNIGHT SERVICE**:  The above-described document(s) will be delivered by overnight service, to the following: |

Rachel M. Dollar, Esq.                              Attorney For Aurora Loan Services LLC
Attorneys at Law                                        PLAINTIFF
Smith Dollar PC
400 W. Third Street, Suite 182
Santa Rosa, CA  95401

Michael A. Rollin                                       Attorney For Aurora Loan Services LLC
Attorneys at Law                                        PLAINTIFF
Reilly Pozner & Connelly LLP
511 Sixteen Street, Suite 700
Denver, CO  80202

I declare under penalty of perjury under the laws of the State of California that the foregoing is a true and correct statement and that this Certificate was executed on April 28, 2008.

By _____/S/_____
Amy Jean Van Nest/

- 2 -