Rachel M. Dollar, Esq. (SBN 199977)
Sherrill A. Oates, Esq. (SBN 213763)
SMITH DOLLAR PC
Attorneys at Law
400 W. Third Street, Suite 182
Santa Rosa, CA  95401
Telephone:    (707) 522-1100
Facsimile:    (707 522-1101
Email:  rdollar@smithdollar.com
Email:  soates@smithdollar.com

Larry S. Pozner, Esq. (Pro Hac Vice)
Michael A. Rollin, Esq. (SBN 251557)
Jason M. Lynch, Esq. (Pro Hac Vice)
Lindsay A. Unruh, Esq. (Pro Hac Vice)
REILLY POZNER & CONNELLY LLP
511 Sixteenth Street, Suite 700
Denver, CO 80202
Telephone:    (303) 893 6100
Facsimile:    (303) 893-6110
Email:  lpozner@litigationcolorado.com
Email:  mrollin@litigationcolorado.com
Email:  jlynch@litigationcolorado.com
Email:  lunruh@litigationcolorado.com

Attorneys for Plaintiff Aurora Loan Services LLC

and

Arthur V. Pearson - 58860
Vincent O'Gara - 62304
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearny Street, 10th Floor
San Francisco, CA  94108-5530
Telephone:    (415) 788-1900
Facsimile:    (415) 393-8087
Email:  vogara@mpbf.com

Attorneys for Defendant First Allied Mortgage

- 1 -
Amended Joint Case Management Statement

257091
262447

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AURORA LOAN SERVICES LLC f/k/a AURORA LOAN SERVICES, INC.,<br><br>　　　Plaintiff,<br>v.<br><br>FIRST ALLIED MORTGAGE, INC. dba FIRST ALLIED FUNDING, a California Corporation<br><br>　　　Defendant. | CASE NO.: C08-01223JL<br><br>**AMENDED JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Judge:　　Chief Magistrate Judge<br>　　　　　　James Larson<br>Date:　　　June 4, 2008<br>Time:　　　10:30 am<br>Courtroom:　F, 15th Floor<br>　　　　　　450 Golden Gate Ave.<br>　　　　　　San Francisco, CA |

The parties in the above-entitled action jointly submit this Case Management.

**1.　　Jurisdiction and Service**

This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy exceeds $75,000 exclusive of interest and costs. No dispute regarding personal jurisdiction or venue exists because Defendant First Allied resides in Contra Costa County, California and because a substantial part of the events and/or omissions which gave rise to the claims occurred in Contra Costa County, California. Defendant First Allied has been served.

**2.　　Facts**

<u>Plaintiffs' Contentions</u>: On December 9, 2004, First Allied entered into a Loan Purchase Agreement ("Agreement") with Lehman Brothers Bank, FSB ("LBB"), a subsidiary of Lehman Brothers Holdings Inc. ("LBHI") (collectively with LBB, "Lehman"). Pursuant to the Agreement, Lehman purchased numerous mortgage loans from First Allied, including those at issue in this case. The Agreement explicitly incorporated the Aurora Seller's Guide ("Seller's Guide"), which sets forth First Allied's additional duties and obligations with regard to the mortgage loans that First

Allied sells to Lehman. Aurora Loan Services ("Aurora") is the authorized servicer, master servicer, and/or agent of Lehman for those loans at issue in this case.

Under the Seller's Guide, First Allied made a number of representations, warranties, and covenants regarding the mortgage loans it sold to Lehman, including with respect to, without limitation: (a) the validity of all mortgage loan documentation; (b) the accuracy and integrity of all information and documentation regarding borrower identity, income, employment, credit, assets, and liabilities used in making the decision to originate the mortgage loans; (c) occupancy by the borrower of the property securing the mortgage loan; (d) the ownership, nature, condition, and value of the real property securing the respective mortgage loans; (e) that the loan was not a Section 32 Mortgage Loan; (f) that the loan was not a "high cost," "threshold," "covered" or "predatory" loan under any applicable state, federal or local law; and (g) conformance of the mortgage loans with applicable underwriting guidelines and loan program requirements. With respect to certain of the mortgage loans purchased from First Allied, Aurora discovered that First Allied breached one or more of the representations, warranties, and/or covenants contained in the Seller's Guide. Under the terms of the Seller's Guide, First Allied is required to repurchase any loan for which a breach of the representations, warranties, and/or covenants occurs. The formula for determining the repurchase price is contractually set by the Seller's Guide. Where repurchase is not an option, for example where Aurora has been forced to liquidate the loan, First Allied remains liable under the Seller's Guide to provide indemnification for all losses and damages incurred.

The Seller's Guide also provides that First Allied shall repurchase any loan that suffers an Early Payment Default ("EPD"). For sellers such as First Allied that have delegated underwriting authority, an EPD occurs when either the first or second payment due to Aurora is not made within 30 days of the respective payment's due date. First Allied is obligated to repurchase, at the contractual repurchase price, any EPD loans. Where repurchase is not an option, First Allied is required to provide indemnification for any losses and damages incurred. First Allied admits that it has refused, and continues to refuse, to repurchase mortgage loans or indemnify Aurora.

First Allied has failed to fulfill its repurchase and/or indemnification obligation for those

loans listed in Exhibit A of the Aurora's Complaint, and has therefore breached the parties' contract. Aurora seeks damages in an amount to be proven at trial or, alternatively, specific performance of First Allied's repurchase obligation for those loans for which repurchase is a viable option.

Defendant's Contentions: Plaintiff has not sufficiently identified the loans in Compliant Exhibit A for Defendant to identify the particular borrower. Plaintiff believes that Plaintiff has a duty to mitigate damages arising from any borrower default or breach of the underwriting agreement. Plaintiff believes that in some instances, Plaintiff has waived, expressly or by its conduct, its contractual right to "put" the loans to First Allied, or to obtain contractual indemnity from First Allied.

3. **Legal Issues**

Aurora asserts breach of contract claims entitling it to damages or, alternatively, specific performance and a breach of express warranty claim. Aurora's claims stem from for First Allied's (a) breach of representations, warranties and/or covenants; (b) refusal or otherwise failure to repurchase the mortgage loans affected by the breached representations, warranties and/or covenants, and/or First Allied's refusal to indemnify Lehman and Aurora; and (c) refusal or otherwise failure to repurchase the mortgage loans that have become Early Payment Defaults, and/or refusal to indemnify Lehman and Aurora.

4. **Motions**

Plaintiff: There are no motions pending at this time. Aurora anticipates that it will file a motion for partial summary judgment relating to a subset of loans identified in the Complaint as Early Payment Default loans. Other motions are uncertain at this time.

Defendant: First Allied is not currently an operating entity. Defendant's only substantial asset is a **diminishing limits $300,000 insurance policy** (the "Policy") which may be available to partially satisfy Plaintiff's claims. However, similar litigation is pending against First Allied in Florida state court; Plaintiff(s) in that litigation may have claims that are insured by the Policy. First Allied has been notified that other non-litigation claims (similar to the claims asserted by

Plaintiff) have been made against it by other mortgage loan purchasers.

Defendant may file an interpleader action under 28 U.S.C. 1335 and F.R.Civ.P. 22 to tender the insurance policy and have the interpleader court determine the rights, if any, of the competing mortgage loan purchasers to the policy.

### 5. Amendment of Pleadings

The parties leave open the possibility for amendment of the pleadings and recommend a deadline of August 8, 2008 for any amendment.

Defendant will make its decision to file an interpleader by August 8, 2008.

### 6. Evidence Preservation

The parties have agreed to ensure that appropriate measures are in place to preserve all electronic and documentary evidence relevant to the issues here including interdiction of any document destruction program and ongoing erasures of e-mails, voice mails and other electronically-recorded material.

### 7. Disclosures

Plaintiff is currently prepared to exchange Rule 26(a)(1) disclosures including disclosures of persons, documents, and damage computations. Defendant will be prepared to exchange initial disclosures, at the earliest, two weeks after the June 4, 2008 Case Management Conference.

### 8. Discovery

Discovery has not yet begun. At this time the parties anticipate the scope of discovery will be narrow. As servicer of the loans, Aurora possesses the payment histories that will establish liability for the nineteen EPD loans. Traditional discovery will be necessary to develop admissible evidence regarding the five loans for which liability is premised on misrepresentations made by the borrower, any third-party broker, and/or Defendant, against which Defendant warranted. Damages are calculable by a contractually set formula. At this time, the parties do not foresee a need to limit or modify the discovery rules and thus propose that all discovery requests be consistent with the presumptive limitations set forth in the Federal Rules of Civil Procedure and applicable Local Rules. All interrogatories, requests for production, or other written discovery must be served so

that responses are due on or before the discovery cut-off.

### 9. Class Actions

Not applicable. This is not a class action.

### 10. Related Cases

Aurora does not have any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

See, above discussion of possible interpleader action.

### 11. Relief

Discovery is just commencing in this matter. Plaintiff's quantification of damages is on-going, and Plaintiff reserves the right to supplement and/or revise the following as this matter progresses and additional information is discovered. Subject to the foregoing, Plaintiff's computation of any category of damages claimed is as follows:

A. For all damages arising from or relating to First Allied's breaches of contract, including but not limited to indemnification for all losses and damages incurred, in an amount to be proved at trial; and/or

B. For a decree of specific performance requiring First Allied to immediately repurchase all of the mortgage loans identified in Exhibit A of the Complaint for which repurchase remains a viable option.

In addition to the foregoing, Plaintiff states that it seeks damages in an amount to be proved at trial, including but not limited to compensatory and consequential damages; equitable relief; attorneys fees and costs incurred in prosecuting this action; expert witness fees; pre-judgment and post-judgment interest as provided by statute; and additional and/or appropriate relief as the Court may deem to be just, equitable and appropriate.

### 12. Settlement and ADR

The parties have engaged in limited settlement discussions and have discussed the possibility of engaging in ADR. Pursuant to such discussions the parties have elected to engage in ADR by means of a Settlement Conference within 60 days or as soon as the Court's schedule

permits. The parties have complied with the ADR certification requirements of Civil L.R. 16-8(b).

Defendant's ADR Statement: Because First Allied's insurance policy is a "diminishing limits" policy, each dollar First Allied incurs for its defense is one less dollar available for settlement. Defendant believes that its is all parties' interest to reach an expeditious settlement. However, First Allied is concerned that, because Aurora is in "runoff" it will have difficulty making the hard decision to settle this case.

### 13. Consent to Magistrate Judge for All Purposes

All parties consent to the exercise of jurisdiction of a magistrate judge.

### 14. Other References

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 15. Narrowing of Issues

As set forth above, Plaintiff intends to file a motion for summary judgment relating to a subset of loans identified in the Complaint as Early Payment Default loans. Of the twenty-four loans included in the Complaint, all but five are Early Payment Default loans. If granted, Plaintiff's motion would narrow the issues remaining for trial.

### 16. Expedited Schedule

The Plaintiff believe that this case should be handled on an expedited basis.

Defendant believes that this case may become moot if an interpleader action is filed.

### 17. Scheduling

The **Plaintiff recommends** that the Court set the following schedule:

Discovery Cut-Off: August 8, 2008.

Designation of Affirmative Experts: The parties shall designate all affirmative experts and provide opposing counsel with all information specified under Fed. R. Civ. P. 26(a)(2) on or before August 22, 2008.

Designation of Rebuttal Experts: The parties shall designate all rebuttal experts and provide opposing counsel with all information specified under Fed. R. Civ. P. 26(a)(2) on or before

1  September 19, 2008.

2  <u>Dispositive Motions Deadline</u>:  October 17, 2008.

3  <u>Pre-Trial Conference</u>:  Two weeks prior to the trial date.

4  <u>Trial</u>:  Week of November 10, 2008 or week of November 17, 2008.

6  The **Defendant recommends** that (because the policy's limits are diminished for each

7  dollar of defense costs) the Court set the following schedule:

8  <u>Discovery Cut-Off</u>:  December 31, 2008.

9  <u>Designation of Affirmative Experts</u>:  The parties shall designate all affirmative experts and

10  provide opposing counsel with all information specified under Fed. R. Civ. P. 26(a)(2) on or

11  before  January 31, 2008.

12  <u>Designation of Rebuttal Experts:</u>  The parties shall designate all rebuttal experts and provide

13  opposing counsel with all information specified under Fed. R. Civ. P. 26(a)(2) on or before

14  February 28, 2009.

15  <u>Dispositive Motions Deadline</u>:  March 31, 2009.

16  <u>Pre-Trial Conference</u>:  Two weeks prior to the trial date.

17  <u>Trial</u>:  Week of May 1, 2009.

18  **18.   Trial**

19  Plaintiff did not request a jury trial.  First Allied made demand for a jury trial.  The parties

20  expect a trial length of approximately one week.

21  **19.   Disclosure of Non-Party Interested Entities or Persons**

22  Plaintiff has filed a "Certificate of Interested Entities or Persons," pursuant to Civil. L. R. 3-

23  16, listing the following non-party interested entities or persons:

24        a.   Aurora Loan Services, LLC, formerly known as Aurora Loan Services, Inc.

25  ("Aurora"), a Delaware limited liability company with its principal place of business in Littleton,

26  Colorado 80124.  Aurora is a wholly owned subsidiary of Lehman Brothers Bank.  Lehman

27  Brothers Bank is the sole owner/member of Aurora.

      b.    Lehman Brothers Bank FSB, a federal savings bank operating under Federal Charter, which designates Wilmington, Delaware as its home office. Lehman Brothers Bank is a subsidiary of Lehman Brothers Holdings, Inc.

      c.    Lehman Brothers Holding, Inc., a Delaware corporation with its principal place of business in New York.

**20.    Other Matters**

The parties request the entry of a Stipulated Protective Order prior to the exchange of documents.

DATED:    May 30, 2008        *s/ Lindsay A. Unruh*

Larry S. Pozner, Esq. (Pro Hac Vice)
Michael A. Rollin, Esq. (SBN 251557)
Jason M. Lynch, Esq. (Pro Hac Vice)
Lindsay A. Unruh, Esq. (Pro Hac Vice)
REILLY POZNER & CONNELLY LLP
511 Sixteenth Street, Suite 700
Denver, CO 80202
Telephone:    (303) 893-6100

Rachel M. Dollar, Esq. (SBN 199977)
Sherrill A. Oates, Esq. (SBN 213763)
SMITH DOLLAR PC
Attorneys at Law
400 W. Third Street, Suite 182
Santa Rosa, CA 95401
Telephone:    (707) 522-1100

ATTORNEYS FOR PLAINTIFF

DATED:    May 30, 2008        *s/ Vincent O'Gara*

Arthur V. Pearson, Esq. (SBN 58860)
Vincent O'Gara, Esq. (SBN 62304)
Jason J. Galek, Esq. (SBN 239638)
MURPHY, PEARSON, BRADLEY & FEENEY
88 Kearney Street, 10th Floor
San Francisco, CA 94108-5530
Tel: (415) 788-1900
Fax: (415) 393-8087

ATTORNEYS FOR DEFENDANT

257091
262447

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order are hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

DATED:_____

_____
The Honorable James Larson
United States Magistrate Judge